JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3110 PA (AGRx) | Date | April 28, 2015 |
|---|---|---|---|
| Title | Wilmington Trust, N.A. v. Eric Mobley | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Eric Mobley ("Defendant") on April 27, 2015. Plaintiff Wilmington Trust, N.A., successor trustee to Citibank, N.A., trustee, in trust for Registered Holders of Bear Stearns Asset Backed Securities 2007-SD3, Asset-Backed Certificates, Series 2007-SD3 ("Plaintiff") filed its Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer. Defendant asserts that this Court has subject matter jurisdiction on the basis the Court's diversity jurisdiction, 28 U.S.C. § 1332. Defendant's Notice of Removal also asserts that the action is removable because Plaintiff has defrauded Defendant in violation of 18 U.S.C. §§ 1341 & 1343.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3110 PA (AGRx) | Date | April 28, 2015 |
|---|---|---|---|
| Title | Wilmington Trust, N.A. v. Eric Mobley | | |

      Defendant contends that removal is proper on the basis of diversity jurisdiction, but does not affirmatively allege the citizenship of either himself or Plaintiff.  Nor has Defendant met his burden of demonstrating that the amount in controversy exceeds $75,000.  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)).  Even if Defendant had alleged that the amount in controversy exceeds $75,000 because the total value of the residence exceeds $75,000, the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000."  In unlawful detainer actions, the title to the property is not involved — only the right to possession.  Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).  As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property.  Id.  Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and "damages in the amount of at least $50.00 per day from March 3, 2015, through the date of entry of judgment."  Thus, given that the amount of the note is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement for diversity jurisdiction.

      Defendant's references to 18 U.S.C. §§ 1341 & 1343, and alleged wire fraud committed by Plaintiff, also fail to establish this Court's jurisdiction.  First, there is no private right of action to enforce the federal criminal laws against wire fraud.  See Wilcox v. First Interstate Bank, N.A., 815 F.2d 522, 533 n.1 (9th Cir. 1987) (recognizing no private right of action under 18 U.S.C. § 1341); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 408-09 (8th Cir. 1999) (finding no private right of action for wire fraud under 18 U.S.C. § 1343).  Second, even if Defendant could assert a claim for violations of 18 U.S.C. §§ 1341 & 1343, those allegations do not constitute a basis for removal.  Neither a federal defense nor an actual or anticipated federal counterclaim form a basis for removal.  Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).  Therefore, Defendant has failed to show that federal question jurisdiction exists.

      For the foregoing reasons, Defendant has failed to meet his burden of showing that diversity or federal question jurisdiction exists over this action.  Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles Superior Court, Santa Monica Courthouse, Case No. 15R01617.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.